UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATIMAH INAS MCGEE,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.
_____/

Case No. 18-cv-10023
Hon. Matthew F. Leitman

## ORDER (1) GRANTING PETITIONER'S MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS (ECF #2) AND (2) ADMINISTRATIVELY CLOSING CASE

On January 3, 2018, Petitioner Fatimah Inas McGee filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) In the petition, McGee challenges her state court conviction for second-degree murder. (*See id.*)

On December 8, 2017, McGee filed a motion for relief from judgment with the state trial court pursuant to Michigan Court Rule 6.500. In that motion, McGee raised new constitutional claims that she had not previously presented to the state courts. McGee now asks the Court to stay her federal habeas petition while she resolves her motion for relief from judgment in state court. (*See* ECF #2.)

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C.

1

§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The claims McGee has raised in her state-court motion for relief from judgment, by her own admission, have not been fully exhausted. In order to protect against expiration of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court concludes that such a stay is appropriate here in order to allow McGee to exhaust her claims without facing a risk that the statute of limitations will expire.

In order for McGee to properly exhaust her new claims in state court, she must pursue a timely appeal in the Michigan Court of Appeals and Michigan Supreme Court if the trial court denies her motion for relief from judgment. *See* M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See also Nasr v. Stegall*, 978 F.Supp. 714, 717 (E.D. Mich. 1997); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002). In addition, within 60 days of fully exhausting her new claims in state court, McGee must return to this Court and file a motion to reinstate her habeas petition, using the same caption and case number included at the top of this Order. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach described in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should McGee fail to comply with any of these conditions, the Court could dismiss her habeas petition and/or refuse to

consider any claims not raised in that petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Accordingly, for the reasons stated above, McGee's motion to stay her habeas petition (ECF #2) is **GRANTED**. McGee's habeas petition shall be stayed and held in abeyance pending completion of the state-court proceedings described in this Order. For administrative purposes, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard*, 89 F.Supp.3d 937, 943-44 (E.D. Mich. 2015). Upon timely receipt of a motion from McGee to reinstate her petition, the Court will order the Clerk of the Court to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

3